

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
WILLKXXXLLXXON
ATTORNEY GENERAL

Honorable Maurice Bullock
County Attorney
Pecos County
Pecos, Texas

Dear Sir:

Opinion No. 0-3119

Re: Does existing law authorize Pecos
County to buy automobiles, pick-
ups, or trucks to be used by the
county commissioners acting as
their own road superintendents
and likewise is the county author-
ized to pay the expenses of such
commissioners incurred in operat-
ing their own private automobiles
when acting as their own road
superintendents?

Your recent request for an opinion of this department
upon the above stated question has been received.

We quote from your letter as follows:

"I find that in your Opinion No. 0-752 dated
May 16, 1939, addressed to the Honorable Robert
F. Cherry, County Attorney, Bosque County, you
rendered the following ruling:

"'You are respectfully advised that it is
the opinion of this department that the commis-
sioners' court in counties operating under the
general road law of this state are not empowered
or authorized to buy automobiles, pick-ups or
trucks for the county to be used by the commis-
sioners in the performance of their duties as
county commissioners, nor is the county author-
ized to pay the expenses of such commissioners,
incurred by them in the operation of their own
private automobiles in the conduct of their of-
fice.'

Pecos County is operating under the general
road law. For several years each of the County
Commissioners of Pecos County, Texas, has been

performing the actual services of personally
superintending and directing all operations of
constructing, maintaining and operating county
roads within his respective precinct.  In other
words, they take the position that in this man-
ner they can dispense with the services of a
superintendent for each precinct by performing
these duties personally rather than by hiring an
employee for this work.  It has been suggested
that under these circumstances the law as ex-
pressed in your opinion above referred to does
not apply to the situation in Pecos County.

"Will you please inform us at your earliest
convenience whether or not in your opinion ex-
isting law authorizes Pecos County to buy auto-
mobiles, pick-ups, or trucks to be used by the
County Commissioners acting as their own road
superintendents and likewise whether or not the
county is authorized to pay the expenses of such
Commissioners incurred by them in operating
their own private automobile when acting as
their own road superintendent."

Pecos County is operating under the general road law.
The fact that the commissioners of said county are performing
the actual service of personally superintending and directing
all operations of construction, etc., as above indicated, with-
in their respective precincts is immaterial.  This department
has heretofore ruled upon a number of questions very similar
to the question presented in your inquiry.  For your informa-
tion, we are enclosing herewith copies of our opinions Nos.
0-752, 0-996, 0-1918 and 0-2562, touching the question consid-
ered here.

In view of the above mentioned opinions and the author-
ities cited therein, we respectfully answer your question in
the negative.

Trusting that we have fully answered your inquiry, we
are

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Ardell Williams
Ardell Williams
Assistant

AW:GO:wc

ENCLOSURE


APPROVED FEB 12, 1941
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman